IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HOANG VU,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05 CV 167 TC |

Mr. Hoang Vu has filed a petition to set aside his conviction pursuant to 28 U.S.C. § 2255.  In his petition, he raises a number of claims, none of which, as discussed below, entitle him to relief. [1]

For the reasons discussed below, the court denies Mr. Vu's petition.

**Procedural Background**

Mr. Vu plead guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  In his plea agreement document, he acknowledged that he knew that he faced a minimum mandatory sentence of five years imprisonment and a maximum term of imprisonment of forty years.  (2:03 CR 881, Dkt. No. 15 at ¶ 2).  He also certified that he possessed fourteen grams of cocaine base which he intended to distribute.

---

[1] Because the petition, files and records of the case show conclusively that Mr. Vu is not entitled to relief, the court will decide this petition without a hearing.

(Id.at ¶ 10).

On May 11, 2004, the court sentenced Mr. Vu to sixty months imprisonment, the minimum mandatory penalty. Mr. Vu acknowledged that he did not fit the requirements of the "safety value provision" of U.S.S.G. §5C1.2 (Presentence Report at ¶ 4).

Mr. Vu did not file an appeal.

## Analysis

Mr. Vu raises four grounds in support of his petition: (1) ineffective assistance of counsel for failure to explain the nature of his case, the plea agreement, and his rights; (2) illegal search and seizure; (3) failure of the prosecution to disclose favorable evidence; and (4) cruel and unusual punishment. Other than his conclusory allegations, Mr. Vu provides no supporting documentation or affidavits in support of these contentions.

1. Ineffective Assistance of Counsel.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  James, 211 F.3d at 555.

Mr. Vu's argument concerning the alleged failure of his counsel to explain his rights, the nature of the case, and his plea agreement is not supported by the record.  In his plea agreement document, the exact terms of his plea agreement are set forth. (Dkt. No. 15 at ¶ 11). In addition, although there is no transcript of the Change of Plea Hearing, it is the court's firmly established practice to carefully review the plea agreement with a defendant, taking care to ensure that the defendant understands the total agreement. The court explains (or has the Assistant United States Attorney explain), the elements of the charge, and then asks a defendant if he or she understands the nature of the charge.  The court inquires whether the defendant is satisfied with his attorney. ( In addition, in his written plea agreement, Mr. Vu certified that he was satisfied with his attorney. (Id.)

Mr. Vu provides only his unsubstantiated claims that his lawyer was ineffective.  This is simply no sufficient.

    2. Illegal Search and Seizure.

Mr. Vu did not file a motion to suppress evidence before trial.  Accordingly, Mr. Vu is procedurally barred from raising the issue on collateral review unless he can demonstrate cause excusing his procedural default and actual prejudice resulting from the claimed error or fundamental miscarriage of justice (the conviction of someone who is factually innocent). United States v. Salazar, 323 F.3d 852, 855 (10th Circ. 2003) (internal citations omitted).  Mr. Vu has given no reason for his failure to raise this issue.

Mr. Vu admitted in the plea agreement document that he was guilty of the charge. Therefore, he cannot claim to be innocent of the charge. Further, because the court has found that Mr. Vu's counsel was not ineffective, any error by counsel will not excuse his default. Accordingly, Mr. Vu's claim regarding illegal seizure of evidence is procedurally barred.

    3.  <u>Denial of Due Process</u>.

Mr. Vu claims that the government failed to disclose favorable evidence. In fact, he states: "I was not advised of any evidence favorable to my case at all." (Pet. of Hoang Vu, 2:05 CV 167, Dkt. 1). Mr. Vu does not specify what the alleged evidence was. Mr. Vu's conclusory allegation is simply not sufficient.

    4.  <u>Cruel and Unusual Punishment</u>.

Mr. Vu contends that the court's imposition of a five year term of imprisonment was cruel and unusual punishment. As discussed above, the court's sentence was required by the statute and Mr. Vu's argument is without merit.

For the above reasons, Mr. Vu's petition is DENIED.

DATED this 26th day of May, 2005.

                          BY THE COURT:

                          *Tena Campbell*

                          TENA CAMPBELL
                          United States District Judge